J-S47007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VEGAS GIBSON | |
| Appellant | No. 634 MDA 2020 |

Appeal from the PCRA Order entered August 6, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0001851-2004

BEFORE:  STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 09, 2021**

Appellant, Vegas Gibson, appeals *pro se* from the August 6, 2019 order entered in the Court of Common Pleas of Dauphin County, denying his fifth petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends he has satisfied the newly-discovered facts exception to the PCRA's timeliness requirements based on our Supreme Court's clarification of the term "cumulative evidence." He also asserts that the failure to grant him an opportunity to present additional evidence in a new trial violates his equal protection rights under the Fourteenth Amendment to the U.S. Constitution.  Following review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

The underlying facts are not in dispute. The procedural history is similarly undisputed. As reflected in the PCRA court's memorandum opinion, on May 16, 2005, a jury found Appellant guilty of one count each of criminal homicide, former convict not to own a firearm, and recklessly endangering another person, and two counts of aggravated assault. PCRA Court Opinion, 7/10/19, at 1. On July 26, 2005, the trial court imposed a sentence of life in prison without possibility of parole. *Id.* Appellant's initial PCRA petition was withdrawn in favor of a direct appeal. This Court affirmed his judgment of sentence on November 22, 2006. Our Supreme Court denied his petition for allowance of appeal on April 25, 2007.

Appellant filed a timely first PCRA petition in 2008. Following denial of the petition, Appellant filed an appeal with this Court raising eight issues. On November 9, 2011, we affirmed the PCRA court's order, agreeing with the PCRA court's bases for rejecting seven of the eight issues and affirming the PCRA court's rejection of the remaining issue on different grounds. Specifically, in that remaining issue, Appellant claimed direct appeal counsel was ineffective for failing to challenge the exclusion of Appellant's testimony regarding his knowledge of witness Jason Brown's violent acts history. The testimony, he argued, would have been relevant to a likely aggressor defense. He contended the testimony did not constitute hearsay because it was offered to establish his state of mind, not the truth of the matter asserted.

This Court disagreed with both the ruling of the trial court and the conclusion of the PCRA court that the testimony constituted hearsay. However, based on a review of the record, the Court determined that Appellant failed to demonstrate prejudice from the trial court's error or counsel's omission on direct appeal. "The jury heard testimony from Appellant regarding instances in which he personally observed [Jason] Brown commit acts of violence and other witnesses testified at Appellant's trial about violent episodes in which Brown was involved." *Commonwealth v. Gibson*, 43 MDA 2011, unpublished memorandum at 8 (Pa. Super. filed November 9, 2011) (citing Notes of Testimony, Trial, 5/16/05-5/23/05, at 738-39). "In view of this evidence, the excluded testimony was cumulative." *Id.* Because Appellant did not demonstrate that the outcome of the trial or direct appeal would have been different if counsel had challenged the evidentiary ruling, Appellant was not entitled to relief. *Id.*

Appellant sought review of this Court's decision. Our Supreme Court denied his petition for allowance of appeal on June 20, 2012. Appellant's second, third and fourth PCRA petitions were dismissed by the PCRA court and his subsequent appeals to this Court were unsuccessful.

Appellant filed the instant petition, his fifth, on March 7, 2019, claiming that our Supreme Court refined the definition of "cumulative evidence" in *Commonwealth v. Small*, 189 A.3d 961 (Pa. 2018), and that *Small* applies

retroactively to evidence ruled inadmissible as hearsay at Appellant's trial.[1]

By order entered August 6, 2019, the PCRA court dismissed the petition. Appellant filed this appeal following reinstatement of his appeal rights *nunc pro* tunc. The PCRA court did not order the filing of a Rule 1925(b) statement but did file a statement in lieu of a Rule 1925(a) opinion on May 15, 2020, noting that the court's July 10, 2019 memorandum opinion addressed the issue raised on appeal.

The issue Appellant asks us to consider is:

Whether the [PCRA] court abused its discretion by concluding that Commonwealth v. Small, 189 A.3d 961 (Pa. 2018) is not applicable to [Appellant] via equal protections of the laws provided by our Fourteenth Amendment.

Appellant's Brief at 4.

"Our review of the grant or denial of PCRA relief is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Small**, 189 A.3d at 971 (citation omitted). However, before we may consider the merits of Appellant's issue, we must first determine whether we have jurisdiction over this appeal. As our Supreme Court recently reiterated, "[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to

---

[1] We note that **Small** involved a timely first PCRA petition. Therefore, unlike the case before us, the PCRA's time bar was not at issue.

address the substantive claims." ***Commonwealth v. Reid***, 235 A.3d 1124, 1143 (Pa. 2020) (citation omitted).

As the PCRA court recognized, a PCRA petition—including a second or subsequent petition—must be filed within one year of the time the petitioner's judgment of sentence was final. 42 Pa.C.S.A. § 9545(b). In this case, our Supreme Court denied Appellant's petition for allowance of appeal on April 25, 2007. He did not seek a writ of certiorari to the United States Supreme Court. Therefore, his judgment of sentence became final 90 days later, on July 24, 2007, at the expiration of the time for seeking a writ of certiorari. U.S.Sup.Ct. Rule 13. In accordance with 42 Pa.C.S.A. § 9545, he had until July 24, 2008 to file a timely PCRA petition. The instant petition, filed on March 7, 2019, is untimely on its face. Therefore, neither the PCRA court nor this Court may consider the merits of the petition unless Appellant satisfied an exception to the PCRA's timeliness requirements.

In his PCRA petition, Appellant claimed time bar exceptions for newly-discovered facts under Section 9545(b)(1)(ii) and a newly-recognized constitutional right under Section 9545(b)(1)(iii).[2] The PCRA court addressed his claimed exceptions, stating:

---

[2] Section 9545(b) provides, in relevant part:

**Time for filing petition.—**

[Appellant] argues that *Small* created a constitutional right and that right retroactively applies to testimony that was excluded from his trial. He argues this right applies via the equal protection clause of the 14th Amendment. However, this is not an accurate interpretation of *Small*. In *Small*, a witness came forward after the original trial with testimony to evidence unknown to either party at the time of the trial. In other words, the witness provided "after-discovered evidence" to the parties. The court in *Small* ruled that this "after-discovered evidence," evidence which was not known to either party at the time of the trial, was not "merely cumulative" to arguments made by the defense during trial. The testimony [Appellant] is seeking to have reviewed under the *Small* court's "merely cumulative" definition, is not "after-discovered evidence," and therefore *Small* does not apply. Furthermore, the "merely cumulative" definition is not a substantive constitutional right. It is an evidentiary test, and therefore not one of the three enumerated timeliness exceptions. Finally, the Supreme Court did not hold that *Small* applies retroactively, and therefore it does not apply to [Appellant's] case.

PCRA Court Opinion, 7/10/19, at 5 (footnote omitted).

---

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

. . . .

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

In his brief, Appellant suggests that the PCRA court erred by addressing only the constitutional right exception set forth in Section 9545(b)(1)(iii). Appellant's Brief at 13. He contends the court chose not to address Appellant's claimed exception under Section 9545(b)(1)(ii) for newly discovered facts. However, we believe the above excerpt reflects that the PCRA court not only dismissed the claimed constitutional right exception, but also rejected Appellant's contention the testimony in question constituted "after-discovered evidence," *i.e.*, evidence that was unknown to him at the time of trial. PCRA Court Opinion, 7/10/19, at 5. Therefore, the testimony would not be "cumulative evidence" under the **Small** court's definition. **Id.**

In **Small**, the appellant based his "newly-discovered evidence" exception to the PCRA's time bar on an affidavit obtained post-trial from a witness who admitted she withheld information from police when questioned after a murder and continued to withhold information when she testified at trial. Whereas Small was able to demonstrate he was previously unaware of the witness's testimony, Appellant cannot demonstrate that the facts upon which his claim is predicated were unknown to him. In fact, he acknowledges he wanted to introduce the evidence at trial as part of his self-defense claim. Appellant's Brief at 11-12. Moreover, as the PCRA court observed, **Small** involved an evidentiary matter, not a constitutional right recognized by our Supreme Court as retroactive. As our Supreme Court explained in **Reid**,

"under appropriate circumstances, a judicial opinion can provide an independent basis for a new PCRA claim pursuant to 42 Pa.C.S. § 9545(b)(1)(iii), which creates a limited exception" for new constitutional rights that have been held to apply retroactively. But a judicial opinion — even one which may establish a new theory or method of obtaining relief — "does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii) of the PCRA."

*Reid*, 235 A.3d at 1148 (quoting *Commonwealth v. Watts*, 23 A.3d 980, 983 n.3 and 987 (Pa. 2011)).

We agree with the PCRA court's conclusion that *Small* did not create a new constitutional right and that, by Appellant's own admission, the evidence in question was known to Appellant at the time of trial and cannot be considered "newly-discovered evidence." Therefore, as the PCRA court correctly determined, Appellant has failed to plead and prove an exception to the PCRA's time bar. As a result, that court, as well as this Court, is precluded from considering the merits of Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021

- 8 -